(160 App. Div. 356)

### HUBBELL v. PIONEER PAPER CO.

(Supreme Court, Appellate Division, Third Department. January 21, 1914.)

1. MASTER AND SERVANT (§ 265*)—ACTIONS FOR INJURIES—BURDEN OF PROOF—CONTRIBUTORY NEGLIGENCE.

Laws 1910, c. 352, § 1, entitled "An act to amend the Labor Law, in relation to employers' liability," amended Labor Law (Consol. Laws, c. 31) §§ 200–202. Section 2 amended "such chapter" (the Labor Law) by adding section 202a. Section 3 added sections 205–212, inclusive, constituting what is commonly referred to as the "Labor Compensation Plan." Section 202a as so added provides that on the trial of any action brought by an employé or his personal representative to recover damages for negligence arising out of and in the course of such employment, contributory negligence shall be a defense to be pleaded and proved by the defendant. *Held,* that such section does not apply only to actions brought under the Employers' Liability Act (Labor Law [Consol. Laws, c. 31] § 200 et seq.), but applies to all actions under any provision of the Labor Law; and hence, in an action for the death of an employé alleged to have been due to the employer's failure to provide a proper method of splicing a belt, and to properly guard the belt, an instruction that the burden was on plaintiff to prove deceased's freedom from contributory negligence was erroneous.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 877–908, 955; Dec. Dig. § 265.*]

2. DEATH (§ 58*)—ACTIONS—BURDEN OF PROOF—CONTRIBUTORY NEGLIGENCE.

Code Civ. Proc. § 841b, providing that on the trial of any action to recover damages for causing death the contributory negligence of the person killed shall be a defense to be pleaded and proved by defendant, had no application to an action for the death of an employé in which judgment was rendered November 27, 1912, as it was not in effect at the time of the trial.

[Ed. Note.—For other cases, see Death, Cent. Dig. §§ 75–78; Dec. Dig. § 58.*]

3. APPEAL AND ERROR (§ 1170*)—HARMLESS ERROR—INSTRUCTIONS AS TO BURDEN OF PROOF.

In an action for the death of an employé, an erroneous instruction that the burden was on plaintiff to prove deceased's freedom from contributory negligence violated a substantial right of plaintiff, and required a reversal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4032, 4066, 4075, 4098, 4101, 4454, 4540–4545; Dec. Dig. § 1170.*]

Smith, P. J., and Woodward, J., dissenting.

Appeal from Trial Term, Saratoga County.

Action by Elizabeth Hubbell, as administratrix of Wilmont Hubbell, deceased, against the Pioneer Paper Company. From a judgment for defendant, entered November 27, 1912, and an order denying a new trial, plaintiff appeals. Reversed, and new trial granted.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Butler & Kilmer, of Saratoga Springs (James W. Verbeck, of Ballston, of counsel), for appellant.

Rockwood, McKnight & McKelvey, of Saratoga Springs (L. B. McKelvey, of Saratoga Springs, of counsel), for respondent.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

LYON, J.　The important question involved in this appeal is whether section 202a, which was inserted in the Labor Law (Consol. Laws, c. 31 [Laws 1909, c. 36]), by chapter 352 of the Laws of 1910, is applicable to this case.　That section is as follows:

"Sec. 202a. Trial, Burden of Proof.　On the trial of any action brought by an employé or his personal representative, to recover damages for negligence arising out of and in the course of such employment, contributory negligence of the injured employé shall be a defense to be so pleaded and proved by the defendant."

[1] This action was brought to recover damages alleged to have been suffered by reason of the violation by defendant of the provisions of section 81 of the Labor Law, causing the death of plaintiff's intestate.　The case has been three times tried.　Upon the first trial a nonsuit was granted, the judgment entered upon which was reversed by this court, and a new trial ordered.　147 App. Div. 339, 131 N. Y. Supp. 932.　Upon the second trial the jury disagreed.　The third trial resulted in a verdict of no cause of action, and it is from the judgment entered thereon, and from the order denying plaintiff's motion for a new trial, that this appeal has been taken.

It appears that on February 6, 1911, plaintiff's intestate, who was in the employ of defendant as a machine tender at its paper mill at Ballston Spa, N. Y., was fatally injured while assisting in an effort to put into operation a pulp pump situated in a dark pit underneath the floor upon which the paper machine stood.　This pump was connected with the machinery of the plant, and operated by a rapidly moving leather belt, 24 inches wide, the ends of which were fastened together by belt plates through which ran bolts with the ends projecting beyond the nuts.　Plaintiff's intestate was struck by one or more of these projecting bolts, and sustained a fractured skull which caused his death the following day.　The claim by plaintiff that the defendant was guilty of negligence in not having furnished plaintiff's intestate a reasonably safe place in which to work by reason of having failed to provide a different method of splicing the belt, and of having failed to properly guard the belt, is the foundation of this action.　Prior to the commencement of the action, and within 120 days of the time of the happening of the injury, plaintiff caused to be served upon the defendant a notice of injury in alleged compliance with section 201 of the Labor Law, which notice was, however, by consent, excluded from the evidence.

In his charge, the court instructed the jury that the burden of proving that plaintiff's intestate was free from contributory negligence was upon the plaintiff, to which statement plaintiff's counsel excepted, and it is upon this exception that appellant bases her main reliance for success upon this appeal.　Following the charge, the court stated:

"This action is not under the Employers' Liability Act.　It is under the common law.　The burden is on the plaintiff to show on the entire case the negligence of the defendant, the absence on the part of her intestate of negligence which contributed to the injury and damage."

To the statement of the court that the action was under the common law, plaintiff's counsel excepted.　It is the contention of the defendant

that the application of section 202a is limited to actions maintainable under article 14 of the Labor Law, commonly known as the Employers' Liability Act, while the position taken by the plaintiff is that the section applies to the Labor Law generally, and hence to this action. Such position we consider well founded. As hereinbefore stated, section 202a became a part of the Labor Law by virtue of chapter 352 of the Laws of 1910. That act was entitled "An act to amend the labor law in relation to employer's liability." Section 1 of the act provided that sections 200, 201, and 202 of chapter 36 of the Laws of 1909, entitled 'An act relating to labor, constituting chapter 31 of the Consolidated Laws,' are hereby amended to read respectively as follows: Section 2 of said act provided:

"Such *chapter* [chapter 36, Laws 1909] is hereby amended by *inserting therein* a new section to be section 202a, to read as follows: Sec. 202a. Trial, Burden of Proof. On the trial of *any* action brought by an employé or his personal representative," etc.

Section 3 of said act provided:

"Such chapter is hereby amended by adding at the end of article fourteen thereof, seven new sections to read as follows."

Sections 205–212, inclusive, constituting what is commonly referred to as the "Labor Compensation Plan," are then set forth.

As well might it be claimed that the applicability of these seven sections was limited to causes of action under the Employers' Liability Act as that the operation of section 202a was thus limited. Not only do the facts above stated indicate the purpose of the Legislature that section 202a should apply to any action brought under any section of the Labor Law, by an employé or his personal representative to recover damages for negligence arising out of and in the course of such employment, whether the action may or may not be maintained under the Employers' Liability Act, but the able and comprehensive report made to the Legislature of 1910 by the Commission appointed pursuant to chapter 518 of the Laws of 1909 "to inquire into the working of a law in the state of New York relative to the liability of employers to employés for industrial accidents, * * *" and the passage by the Legislature of section 202a in practically the language suggested by the Commission, furnish strong evidence of that purpose. While we have not been referred to any authority in which the question at issue has been directly decided, yet that the application of the section is general seems to have been recognized in the case of Ives v. South Buffalo Ry. Co., 201 N. Y. 271, 289, 94 N. E. 431, 437 (34 L. R. A. [N. S.] 162, Ann. Cas. 1912B, 156), in which the court says:

"In our own state the plaintiff's freedom from contributory negligence is an essential part of his cause of action which must be affirmatively established by him, except in cases brought by employés under the Labor Law, by virtue of which the contributory negligence of an employé is now made a defense which must be pleaded and proved by the employer."

[2] Section 841b of the Code of Civil Procedure, placing upon defendant the burden of establishing contributory negligence, is not applicable, as that section was not in effect even at the time of the trial of this action.

[3] While the requirement that the burden of proof was upon the plaintiff to establish freedom of her intestate from contributory negligence was not statutory, but was merely a regulation of procedure, or, as termed in the Ives Case, a doctrine which might be regulated or even abolished, yet the court, in placing upon the plaintiff the burden of proof to show the absence of contributory negligence, violated a substantial right of the plaintiff, which calls for a reversal of the judgment and order appealed from.

Judgment and order reversed, and a new trial granted, with costs to the appellant to abide the event. All concur except SMITH, P. J., dissenting in opinion in which WOODWARD, J., concurs.

SMITH, P. J. (dissenting). What was originally enacted as the Employers' Liability Law was thereafter included in the Labor Law as article 14. By section 201 of the Labor Law included in said article it is provided:

"No action for recovery of compensation for injury or death *under this article* shall be maintained unless notice of the time, and place and cause of injury is given to the employer. ＊ ＊ ＊"

It was held by this court, and thereafter by the Court of Appeals, that the provisions of section 202 of the act were available only to one who had served the notice provided by section 201. O'Neil v. Karr, 110 App. Div. 571, 97 N. Y. Supp. 148; Jackson v. Greene, 201 N. Y. 76–80, 93 N. E. 1107. Section 202a was thereafter added to this article. This section assumes to amplify section 202 by changing the rule as to the burden of proof upon the question of contributory negligence. By designating the section as 202a the intent of the Legislature would seem to be indicated to add to the privileges granted to a plaintiff under section 202. By inserting this provision in article 14 it would seem to follow as matter of law that the provisions of section 201 would apply, and that the rule of the common law thus changed would only apply therefore to actions brought after the giving of notice therein prescribed. It does not seem to me sufficient answer to this proposition that sections 205 to 212 were also added to this article. Those sections refer to a plan of settlement without action. The limitation, therefore, of section 201, to the effect that an action could not be brought under the article without the giving of notice, would in no way affect the plan of settlement contemplated in these latter sections. I, therefore, vote for affirmance.