---

## In re HORTON'S WILL.

(Supreme Court, Appellate Division, Second Department.   July 30, 1915.)

WILLS ☞434—FOREIGN JUDGMENT.

In contested proceedings to probate a will, the record of proceedings of a probate court of Ohio, though duly authenticated in strict compliance with Rev. St. U. S. § 905 (U. S. Comp. St. 1913, § 1519), was properly excluded from evidence when offered to establish a later will conclusively proven and the fact of revocation of the contested will, where it appeared that neither the proponent, nor heirs at law, nor the next of kin of testator, were parties to the Ohio proceedings.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 937–945; Dec. Dig. ☞434.]

Appeal from Surrogate's Court, Westchester County.

Application for the probate of the will of George W. Horton, deceased, offered by Jane Ann Dickie, and contested by Alice M. Horton. From a decree admitting the will, contestant appeals. Affirmed.

See, also, 166 App. Div. 937, 151 N. Y. Supp. 1121.

Argued before JENKS, P. J., and THOMAS, STAPLETON, and RICH, JJ.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

M. Linn Bruce, of New York City, for appellant.
Henry G. K. Heath, of New York City, for respondent.

STAPLETON, J.   The appeal is from the decree of the Surrogate's Court of Westchester County, admitting to probate a paper writing bearing date April 5, 1902, as the last will and testament of George W. Horton, deceased, relating to real and personal property.   Grandchildren are the beneficiaries.   The petition propounding the will was verified September 18, 1913.   Citation issued September 22, 1913, and was served on the contestant on September 29, 1913.   In this paper the decedent described himself as a resident of the city, county, and state of New York.   The petition alleges that the decedent was a resident of Westchester county at the time of his death and that he left real and personal property therein.   His only heirs at law and next of kin are a daughter, Jane Ann Dickie, and a granddaughter, Elsie Marguerite McLure.   He was survived by a widow, to whom he was married shortly before his death, Alice M. Horton.   The daughter was named as sole executrix in the will, and she is the proponent.

The widow appeared in the proceeding and opposed the application for probate.   She filed a verified answer in which she alleged: The paper propounded was not the decedent's will; on the 8th of August, 1913, at Painesville, Lake county, Ohio, he made, published, and declared a certain paper to be his last will and testament; in it he described himself as domiciled at that place; he made his wife sole beneficiary, and revoked all other and former wills; he was a resident of Lake county, where he died on the 14th day of September, 1913; the paper was proved in the probate court of Lake county, Ohio, as the last will and testament of the testator; and that court issued its letters testamentary to the executrix named in the will.   She prayed for an order dismissing the proceedings.

The surrogate conducted a hearing.   Proof was made of the following facts:

The Constitution and laws of Ohio establish a probate court in each county as a court of record, with exclusive jurisdiction to take proof of wills and to grant or revoke letters testamentary.   The laws of that state provide:

"No will shall be admitted to probate without notice to the widow or husband and next of kin of the testator, if any, resident in the state, in such manner, and for such time as the probate court directs or approves."

Proof must be made in open court.   If it appears that such will was duly attested and executed, and that the testator at the time of executing it was of full age, of sound mind and memory, and not under restraint, the court shall admit the will to probate.   The will must be filed, and the testimony taken, recorded, and preserved.   A certified copy of the will is made effectual proof of the original.   If, within two years after probate had, no person interested appears and contests the validity of the will, the probate shall be forever binding, saving, however, to persons of unsound mind, to infants, or to persons in captivity a like period after the disability is removed.   In case of petition filed to contest the validity of a will, provision is made for the trans-

fer of the record to the common pleas court. Wills proved in other states relative to property in Ohio are admitted to record. The validity of a will may be contested in the common pleas court of the county where the probate was had. All the devisees, legatees, and heirs of the testator, and all interested parties, including the executor or administrator, must be made parties to the action. Trial by jury is required. For the trial the order of probate is made prima facie evidence of the due attestation, execution, and validity of the will. The right to prosecute error shall be the same as provided in other cases brought in common pleas. The action must be brought within a year after probate except in case of prescribed disabilities. It had been decided in Ohio:

"In the proceedings authorized for admitting a will to probate, persons interested in resisting its probate are not allowed to introduce evidence to contest its validity; nor is it required that those who are interested adversely should be summoned, as no issue is made for a contest between adverse parties. Hathaway's Will, 4 Ohio St. 383; Estate of Jones, 2 Ohio N. P. 194."

A statute provides:

"When a will, claimed to have been executed by a person domiciled in this state, is presented for probate in a county thereof, persons interested in its probate may contest the jurisdiction of the court to entertain the application."

The contestant offered in evidence, authenticated in strict compliance with section 905 of the Revised Statutes of the United States (U. S. Comp. St. 1913, § 1519), a record of the proceedings of the probate court of Lake county, Ohio, including an order admitting to probate the paper writing there proposed as the valid last will and testament of George W. Horton, deceased, late of that county, and an exemplified copy of the letters testamentary issued therein. The purpose of the offer was to establish a later will, conclusively proved, and the fact of the revocation of the former. The documents were excluded upon objection. To the ruling exception was taken. This ruling is asserted to be reversible error.

The respondent, against the appellant's assertion, contends that the decree of the Ohio court did not bar inquiry into the domicile of the decedent; that it was not even competent evidence of the fact of domicile, as neither the proponent, nor the heirs at law, nor the next of kin, were parties to the proceeding in which the decree was made; that the surrogate of Westchester county had the power to decide that the decedent was a resident within his jurisdiction; and, if he so decided, that he had jurisdiction of the probate of the decedent's will.

Sustained by authority, we approve this contention, and affirm the decree, with costs. Overby v. Gordon, 177 U. S. 214, 20 Sup. Ct. 603, 44 L. Ed. 741; Tilt v. Kelsey, 207 U. S. 43, 28 Sup. Ct. 1, 52 L. Ed. 95.

The parties hereto having stipulated in open court that this case may be disposed of by a court of four, the decision is as follows:

Decree of the Surrogate's Court of Westchester County affirmed, with costs. All concur.