HOLTERMANN, Respondent, v. WENZEL, Appellant. (Supreme Court, Appellate Division, Second Department. November 1, 1915.) Action by Henry J. Holtermann against August Wenzel.

PER CURIAM. Once a lessor dispenses with the condition against assignment, that condition is gone forever. Murray v. Harway, 56 N. Y. 337. Plaintiff's consent without qualification to the assignment from the lessee to defendant, therefore, dispensed with and virtually extinguished the condition against future assignment. Accordingly defendant, being free to assign, by his transfer to Kain and quitting the premises with plaintiff's knowledge, followed by plaintiff's taking Kain's payments of rent, terminated defendant's privity of estate. Having never himself entered into any covenant to pay rent, defendant's liability ceased when he thus assigned the lease and went out of possession. Dassori v. Zarek, 71 App. Div. 538, 75 N. Y. Supp. 841. The judgment of the County Court of Kings county is therefore reversed, with costs to defendant, and under Code Civ. Proc. §§ 1317 and 1345, this court hereby renders judgment for defendant against plaintiff, with costs.

HOOEY, Respondent, v. KANTROWITZ, Appellant. (Supreme Court, Appellate Division, Third Department. November 10, 1915.) Action by Frank Hooey against Morris Kantrowitz.

PER CURIAM. Judgment and order affirmed, with costs, upon the authority of Holsapple v. International Paper Co., 152 App. Div. 606, 137 N. Y. Supp. 450.

SMITH, P. J., dissents.

HOOSE, Respondent, v. NEW YORK, W. & B. RY. CO., Appellant. (Supreme Court, Appellate Division, Second Department. October 22, 1915.) Action by Margaret L. Hoose, as administratrix, etc., of George W. Hoose, deceased, against the New York, Westchester & Boston Railway Company. No opinion. Judgment and order unanimously affirmed, with costs.

HOPKINS v. HOPKINS. (Supreme Court, Appellate Division, First Department. November 26, 1915.) Action by McKie B. Hopkins against John R. Hopkins. No opinion. Motion denied, without costs. Order filed.

In re HORTON et al. (Supreme Court, Appellate Division, Second Department. October 8, 1915.) In the matter of the application of Eugene Horton, individually and as sole administrator, etc., of Webb Horton, deceased, and Elizabeth A. Horton, for a writ of certiorari, etc. No opinion. Final order affirmed, with $10 costs and disbursements.

HORTON et al., Respondents, v. HATHAWAY, Appellant, et al. (Supreme Court, Appellate Division, Third Department. November 10, 1915.) Action by Thomas Horton and another against William Hathaway, impleaded with Remus E. Lasher and another. No opinion. Judgment and order unanimously affirmed, with costs.

In re HORTON'S WILL. (Supreme Court, Appellate Division, Second Department. October 1, 1915.) In the matter of proving the last will and testament of George W. Horton, deceased. No opinion. Motion for reargument denied, with $10 costs. See, also, 154 N. Y. Supp. 827.

HOTTENROTH v. CITY OF NEW YORK et al. (Supreme Court, Appellate Division, Second Department. October 1, 1915.) Action by Charles G. Hottenroth against the City of New York and others, wherein the East River Terminal Railroad appeals. No opinion. Motion for reargument denied, with $10 costs. Motion for leave to appeal to the Court of Appeals denied, without costs. See, also, 154 N. Y. Supp. 1126.

HUBBELL, Appellant, v. PIONEER PAPER CO., Respondent. (Supreme Court, Appellate Division, Third Department. November 10, 1915.) Action by Elizabeth Hubbell, as administratrix, etc., against the Pioneer Paper Company.

PER CURIAM. Judgment and order affirmed, with costs. See, also, 160 App. Div. 356, 145 N. Y. Supp. 554.

KELLOGG and LYON, JJ., dissent.

HUDSON VALLEY DAIRY CO., Respondent, v. SHERESHEVSKY, Appellant. (Supreme Court, Appellate Division, Second Department. October 22, 1915.) Action by the Hudson Valley Dairy Company against Hyman Shereshevsky. No opinion. Order affirmed, with $10 costs and disbursements.

HUNT, Respondent, v. KNICKERBOCKER ICE CO., Appellant. (Supreme Court, Appellate Division, Second Department. November 5, 1915.) Action by Robert H. Hunt against the Knickerbocker Ice Company.

PER CURIAM. Judgment and order reversed, and new trial granted, costs to abide the event, upon the ground that the verdict of the jury that defendant did not furnish to plaintiff a reasonably safe rein is against the weight of the evidence. See Hunt v. Knickerbocker Ice Co., 164 App. Div. 953, 149 N. Y. Supp. 1088.

THOMAS, J., concurs in the result, upon the ground that no cause of action was proven.

HUNTER, Appellant, v. HUNTER, Respondent. (Supreme Court, Appellate Division, First Department. November 26, 1915.) Action by Annie B. Hunter against Frederick W. Hunter. G. H. Engelhard, of New York City, for appellant. C. Norwood, of New York City, for respondent. No opinion. Order affirmed. Order filed.

HUNTER, Respondent, v. RAMSAY, Appellant. (Supreme Court, Appellate Division, Second Department. October 15, 1915.) Action by Carrie R. Hunter against Grace S. Ram-