GODFRY v. MATZENE et al.

(Supreme Court, Appellate Division, Fourth Department.    March 9, 1916.)

INJUNCTION ☞170—VACATION EX PARTE—ACTION OF APPELLATE DIVISION—STATUTE.

The Appellate Division will not exercise any power, to vacate ex parte temporary injunction order, it may have, under Code Civ. Proc. § 626, providing that a party enjoined without notice may apply ex parte for an order vacating or modifying the injunction order, where it is not clear that the papers on which the order was granted, on which the motion to vacate must be determined, do not make out a case for such temporary restraining order.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 355, 356; Dec. Dig. ☞170.]

Merrell, J., dissenting.

Action by Antonia Baumer Matzene against James J. Godfry and another. Application ex parte on behalf of Joseph G. Glass, as receiver, etc., to vacate a restraining order granted by the Supreme Court, enjoining the receiver and others from taking any proceedings in another action until the hearing and determination of the motion contained in the order sought to be vacated. Application denied.

Argued before KRUSE, P. J., and FOOTE, LAMBERT, and MERRELL, JJ.

Charles E. Spencer, of Syracuse, for applicant.

PER CURIAM. The application ex parte to vacate the injunction should be denied. While the Appellate Division of this Department may have power under section 626 of the Code of Civil Procedure to vacate and set aside without notice the injunction order (Matter of Porter, 30 App. Div. 251, 51 N. Y. Supp. 613), we think the power should not be exercised. It is not so clear that the papers upon which the order was granted do not make out a· case for a temporary restraining order as to warrant setting aside the order summarily and without notice. This motion must be determined upon those papers alone. The order to show cause why the injunction should not be continued is returnable at Special Term to-morrow, at which time a full hearing may be had, and we cannot assume that that court will not make a proper disposition of the matter.

MERRELL, J., dissents.

---

O'NEIL v. LEHIGH VALLEY R. CO.

(Supreme Court, Appellate Division, Fourth Department.    March 8, 1916.)

1. APPEAL AND ERROR ☞1062(1)—HARMLESS ERROR—SUBMISSION OF ISSUE.

In a suit by a brakeman, injured by a fireman stopping his engine unexpectedly, the erroneous submission of the question of negligent superintendence by the fireman is not prejudicial, where the jury have found the fireman negligently managed the engine, as the jury must have reached the same result if they had been properly instructed the fireman was not a superintendent.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4212; Dec. Dig. ☞1062(1).]

2. MASTER AND SERVANT ☞265(14)—ACTION FOR INJURIES—BURDEN OF PROOF —CONTRIBUTORY NEGLIGENCE.

　　Labor Law, § 202a, as added by Laws 1910, c. 352, casting the burden of proof of plaintiff's contributory negligence upon the defendant in an action for personal injuries by a servant, is applicable to all actions for personal injuries on the ground of negligence by employé against employer, whether brought under the employers' liability provisions of the Labor Law (Consol. Laws, c. 31, §§ 200–204) or not.

　　[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 893, 908; Dec. Dig. ☞265(14).]

Appeal from Trial Term, Cortland County.

Action by Charles A. O'Neil against the Lehigh Valley Railroad Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before KRUSE, P. J., and FOOTE, LAMBERT, and MERRELL, JJ.

Peter F. McAllister and Cobb, Cobb, McAllister & Feinberg, all of Ithaca, for appellant.

Nathan L. Miller, of Syracuse, and James F. Dougherty, of Cortland, for respondent.

PER CURIAM. This action is by the servant against the master for personal injuries caused by defendant's negligence and is brought under the employers' liability provisions of the Labor Law. Plaintiff was a brakeman, and was injured while "staking out" a freight car from a siding to the main track of defendant's railroad. Plaintiff placed one end of a stake ten feet long against the end of the freight car, and held it there while the engine upon the main track backed up until it came against the other end of the stake, when the engine on signal from plaintiff continued to back for the purpose of moving the car along the siding and onto the main track. After the movement began, plaintiff let go of the stake and started to climb up onto the rear platform of the tender near the place against which one end of the stake rested. As he did so, the fireman who was operating the engine is alleged to have stopped the engine or so checked its speed as to relieve the pressure upon the stake, and thereby cause the end of the stake which was against the freight car to fall to the ground and the other end to be pressed against plaintiff's foot, causing injuries which resulted in the loss of a part of his foot.

The grounds of defendant's negligence left to the jury were the alleged negligent conduct of the fireman in stopping or checking the speed of his engine, which permitted the stake to fall to the ground, and the jury were, in effect, instructed that if the fireman was negligent in this respect, defendant might be held liable under section 202 of the Labor Law or section 64 of the Railroad Law (Consol. Laws, c. 49) for a negligent act of superintendence, or under section 64 of the Railroad Law, for the negligence of one having physical control and direction of the movement of the engine. The jury were also instructed that by virtue of section 202a of the Labor Law, as added

by Laws 1910, c. 352, the burden of proof upon the question of plaintiff's alleged contributory negligence was upon the defendant.

[1] It is conceded that the trial court was in error in leaving to the jury any question of negligent superintendence. We are of opinion, however, that the error was not so prejudicial to defendant as to require a reversal. It was the management of the engine by the fireman which the jury were permitted to find to be an act of superintendence and only such acts of management. By their verdict, the jury have found the fireman to have negligently managed the engine. For the fireman's negligence in this respect defendant's liability rests upon the fact that the fireman is a vice principal under section 64 of the Railroad Law and not a superintendent. As the jury have necessarily found the fireman to have been negligent, we think they must have reached the same result in case they had been properly instructed that the fireman was not a superintendent.

[2] It is claimed that the ruling that the burden of proof was on the defendant upon the question of plaintiff's contributory negligence was error in that, there being no defect in the ways, works, machinery, or plant of the defendant, the case was not properly brought under the Employers' Liability Act, and that therefore section 202a of the Labor Law which casts the burden of proof upon the defendant is not applicable. This question has recently been passed upon by the Appellate Division in the Third Department in the case of Hubbell v. Pioneer Paper Co., 160 App. Div. 356, 145 N. Y. Supp. 554, and the conclusion reached by a majority of the court that this section is applicable to all actions for personal injuries on the ground of negligence by an employé against his employer, whether brought under the employers' liability provisions of the Labor Law or not. We are not aware that the question has been passed upon in any other department or in the Court of Appeals. Under the circumstances, we are disposed to follow this decision and to hold that the ruling of the trial court was correct.

Upon the point that the plaintiff's theory as to the manner in which the accident happened is contrary to the laws of physics, we think that question was for the jury and that we ought not to disturb their verdict on that ground. We are also of opinion that plaintiff cannot be held to have assumed the risk of the fireman's negligence.

The judgment and order appealed from must be affirmed, with costs.