[No. 14714.    Department Two. — July 22, 1892.]

BARBARA CHILDS, RESPONDENT, v. F. D. LANTER-MAN ET AL., APPELLANTS.

NEW TRIAL — NEWLY DISCOVERED EVIDENCE — DISCRETION — REVIEW UPON APPEAL. — A motion for a new trial upon the ground of newly discovered evidence is addressed to the sound discretion of the trial court, and its action in refusing the motion will not be disturbed upon appeal, where the appellate court cannot say, upon the record before it, that if a new trial were had, and the newly discovered evidence were produced, the result would be different.

ID. — QUESTION OF BOUNDARY — CONFLICTING EVIDENCE — CONTRADICTING FIELD-NOTES OF SURVEY. — The refusal of the trial court to grant a new trial upon the ground of newly discovered evidence will not be reversed upon appeal, where it appears that the question at issue was one of boundary of land, upon which the evidence was substantially conflicting, and the newly discovered evidence fixes the location of the stations of a survey on the east side of an arroyo, in contradiction of the field-notes of the survey, which described them as being on the west side of the arroyo, and which were confirmed by other evidence adduced upon the trial, and by counter-affidavits used upon the hearing of the motion.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Stephen M. White*, for Appellants.

*Gould & Stanford*, for Respondent.

DE HAVEN, J. — Action to quiet title, and the defendants appeal from a judgment in favor of plaintiff, and from an order denying their motion for a new trial.

The real question in issue between the parties is one of boundary, the appellants claiming that the land described in the complaint lies within the boundaries of the rancho La Canada, while the respondent contends that it does not. The evidence upon the point was conflicting, and this being so, we cannot, under the rule which is well settled in this court, disturb the finding of the trial court.

But it is urged by appellants that their motion for a new trial should have been granted on the ground of newly discovered evidence. The nature of this new evidence is made to appear by the affidavit of one Coronel, who assisted in making the survey of the rancho La Canada, and who was not a witness upon the trial. In his affidavit, as we understand it, he states in substance that stations 87 and 88 of that survey were in point of fact located farther north than as found by the court, and so as to include within said rancho the whole or a portion of the premises in controversy, and that station 87 is marked by a rock mound now in place, on the east bank of an arroyo referred to in the field-notes of said survey. The field-notes of the survey, however, state that the station is on the west bank of the arroyo.

A motion for a new trial upon the ground of newly discovered evidence is one which is addressed to the sound discretion of the trial court, and we cannot say, upon the record before us, that the court did not properly exercise its discretion in denying the motion of appellants, as it cannot be said that if a new trial were had, and the testimony of this witness produced, that the result would be different. To accept his statement as to the location of station 87, the court would have to so far disregard the field-notes of the survey upon which the patent for the rancho La Canada is based as to place that station on the east instead of the west side of a deep arroyo, which is a permanent landmark referred to in

such field-notes. Considering the long time which has elapsed since the making of the survey, and the other evidence given upon the trial tending to show the true location of the lines of that survey, as well as the counter-affidavits used on the hearing of the motion, it cannot be said that the court, in passing on the motion for a new trial, erred in accepting the field-notes of such survey as the best evidence in determining whether the station was located on the east or west bank of the arroyo mentioned in such field-notes, and if the court disregarded the affidavit of Coronel as to the location of station 87, it might well have concluded not to accept his statement in regard to the location of station 88.

Judgment and order affirmed.

SHARPSTEIN, J., and McFARLAND, J., concurred.