[S. F. No. 6500.  Department One.—June 25, 1915.]

H. L. ATKINSON, Appellant, v. WESTERN DEVELOP-
MENT SYNDICATE (a Corporation), THE GRAY
BROTHERS CRUSHED ROCK CO. (a Corporation),
GOLDEN GATE TILE COMPANY (a Corporation),
G. F. GRAY, and H. N. GRAY, Respondents.

FRAUDULENT TRANSFER—ACTION TO SET ASIDE CONVEYANCE—INSOLV-
ENCY—INTENT TO DEFRAUD—VALUABLE CONSIDERATION.—In an ac-
tion by a judgment creditor to set aside a conveyance by the
judgment debtor on the ground of fraud, a motion for a new trial
based upon alleged newly discovered evidence tending to prove in-
solvency of the grantor was properly denied upon the ground that the
finding of insolvency was not necessary to support the judgment which
was supported by the findings that there was no intent to delay or de-
fraud creditors and that the transfer was made for a valuable con-
sideration.

ID.—NEW TRIAL—NEWLY DISCOVERED EVIDENCE—DIFFERENT RESULT
IMPROBABLE.—A motion for a new trial on the ground of newly dis-
covered evidence is properly denied where in the opinion of the trial
court it is not probable that the additional evidence would have
produced a different result.

APPEAL from an order of the Superior Court of the City
and County of San Francisco refusing a new trial.  Geo. A.
Sturtevant, Judge.

The facts are stated in the opinion of the court.

Page, McCutchen, Knight & Olney, and McCutchen, Olney
& Willard, for Appellant.

Ames & Manning, for Respondents.

SLOSS, J.—Appeal by plaintiff from an order denying a
motion for a new trial.  The nature of the case is set forth
in the opinion in *Atkinson* v. *Western Development Syndicate
et al.,* (S. F. No. 6360), *ante,* p. 503, [150 Pac. 360], just filed.

The motion for a new trial was based upon the ground of
newly discovered evidence.  The evidence thus claimed to have
been discovered was directed to the question of the solvency
of The Gray Brothers Crushed Rock Company at the time of
the transfer of its property to the Golden Gate Tile Company.

Even if we assume that the evidence offered would have established the insolvency of the grantor, we still think the court below was justified in denying a new trial. As we have shown in our opinion on the main appeal, the finding against insolvency was not essential to the support of the judgment in favor of the defendants. Had the finding on this issue been otherwise, the judgment would still have gone in favor of the defendants by reason of the findings that there was no intent to delay or defraud creditors, and that the transfer complained of was made for a valuable consideration. A motion for a new trial on the ground of newly discovered evidence is properly denied where, in the opinion of the trial court, it is not probable that the additional evidence would have produced a different result. (*Childs* v. *Lanterman,* 95 Cal. 369, [30 Pac. 553].) The court below may well have concluded that, regardless of any evidence on the question of solvency, the same conclusions regarding intent and consideration would have been reached, and would be reached, on another trial.

The order is affirmed.

Shaw, J., and Lawlor, J., concurred.