[Civ. No. 4199.   Fourth Dist.   Nov. 21, 1951.]

J. S. PAWLING, Respondent, v. VICTOR MALLEY et al.,
Appellants.

Curtis, Knauf, Henry & Farrell for Appellants.

Wing, Wing & Brown for Respondent.

MUSSELL, J.—Defendants appeal from a judgment entered pursuant to a stipulation in an action to foreclose a mechanic's lien. The stipulation, which was in writing, dated April 20, 1949, and filed in the action, contained recitals that plaintiff, as contractor, and defendants, as owners, had entered into a contract for the building of certain improvements in the city of Palm Springs; that during the course of construction disputes had arisen between the parties as to changes

made in the building, extras furnished, charges made, alleged interference by the owners with the work, and alleged failure of plaintiff to complete the construction according to the terms of the contract; that the owners refused to pay plaintiff's claimed balance due on the contract; that plaintiff had filed a suit to foreclose a mechanic's lien on the premises; that the contractor and owners had agreed that their various disputes should be settled by arbitration and that the decision of the arbitrators should be final and entered as a judgment in the foreclosure action. It was then stipulated that the moneys due one party by the other under the contract should be determined by three named arbitrators; that upon arriving at a decision the amount determined to be due should be entered as a judgment in favor of the party found to be "entitled in the within action"; that the findings and award of the arbitrators should be written and signed by each of the arbitrators; that all items of costs and interest allowable in the event the action should have been tried before the court should be awarded to the parties entitled thereto and that all other expenses of the arbitrators should be borne equally by the plaintiff and the defendants.

The arbitrators conducted hearings, received evidence, and on July 12, 1950, submitted an award in writing in which they found in favor of plaintiff in the sum of $3,633.42, with interest, filing fees $20.60, "costs in the sum of $300. Arbitrators. (2)."

The award was submitted to the attorney for the defendants and on July 19, 1950, returned by him to the attorney for the plaintiff. Apparently, no objections were made to the award by the attorney for the defendants and it was filed in the action on July 25, 1950, and on the same day the court entered judgment for the amount found due in accordance with the stipulation of the parties. Thereafter, on August 14th, the defendants filed a notice and motion to vacate the award of the arbitrators and on the same day filed a motion to set aside the entry of the judgment on the ground that no notice of motion for an order confirming the award of the arbitrators had been served on the defendants or their attorney in compliance with section 1287 of the Code of Civil Procedure. These motions were supported by affidavits in which it was claimed, among other things, that the arbitrators had failed to properly conduct the arbitration proceedings and make proper findings therein; that they failed to allow certain credits claimed by the defendants; that a

mutual final and definite award upon the subject matter was not made and that the defendant Marie Malley did not sign the stipulation for arbitration. These motions were denied by the court and this appeal, which is from the judgment entered on July 25, 1950, was filed.

No reporter's transcript was filed and the record consists of the clerk's transcript and affidavits which were filed by the attorney for the plaintiff in opposition to the motions.

Appellants first contend that the arbitrators, in making the award, failed to comply with the directions of submission as contained in the stipulation and argue that by the stipulation the issues submitted to the arbitrators for settlement were "(a) Extras furnished and their value; (b) Unauthorized departure from plans and specifications and amount of damages of any allowable to owner for such departure; (c) Total amount remaining due on the contract or owners." The record, however, does not show a failure to consider these three issues and the total amount remaining due on the contract was definitely set forth in the award made. In this connection, it is contended that there should have been written findings on the issues set forth. The affidavits filed by plaintiff and used in the hearings on the motion indicate that findings such as contended for by the defendants were waived by the attorneys in the hearings before the arbitrators.

The defendants contend that these affidavits cannot be considered as part of the record on appeal and in that connection cite *Smith* v. *Halstead,* 88 Cal.App.2d 638, 640 [199 P.2d 379], as holding that "An appellate court must accept the record as it was presented to the trial judge, and therefore will not consider matters stated in affidavits filed in the action subsequent to the ruling of the trial court." We agree with the law stated. However, the appeal herein is from the judgment which was entered and filed prior to any of the hearings on the motions and it seems quite clear to us that the judgment entered was a decree made by consent of counsel, without fraud or collusion, and cannot be set aside on appeal. (*Newport* v. *Hatton,* 195 Cal. 132, 142-143 [231 P. 987].)

It is next argued that the judgment based on the award is void in that there was a failure to comply with the provisions of the arbitration sections (1280 to 1293, inclusive) of the Code of Civil Procedure. The stipulation contains no reference to the arbitration sections of the code and there is nothing in it indicating that proceedings would be taken

to confirm, vacate, modify or correct the award in accordance with the provisions of said sections. As noted, the stipulation provided that ''upon arriving at a decision, the amount determined to be due shall be entered as a judgment in favor of the party found to be entitled in the within action.'' No objections were made to the award or to the entry of the judgment thereon prior to the filing of the motions referred to. As was said in *Dore* v. *Southern Pac. Co.*, 163 Cal. 182, 189 [124 P. 817]:

''At common law it is competent for persons to submit any question or matter of difference between them to the decision of third persons, whether it could be the subject of an action or not, and when they have done so, the decision will be binding upon them.''

██ Finally, it is argued that the judgment based on the award is void for the reason that the respondent failed to present evidence to the trial court that he was a duly licensed contractor and in this connection the case of *Franklin* v. *Nat C. Goldstone Agency*, 33 Cal.2d 628 [204 P.2d 37] is cited. In that case, however, the respondents had applied to the superior court for an order confirming the award under the arbitration sections of the code and the application for confirmation did not allege that the respondents, either as a firm or individually, were licensed by the state to act as contractors at the time the work was performed. In the instant case no application for confirmation was filed. The judgment was entered by stipulation of the parties, the complaint contained an allegation that the plaintiff was a duly licensed contractor and no answer was filed denying this allegation. Under the circumstances presented, we conclude that the case cited is not controlling here. The parties herein, by mutual consent, submitted to arbitrators the determination of the amount, if any, due the plaintiff and agreed that the award when made should be entered and filed as a judgment of the court. It is our opinion that the award made is governed by the same rules that would have governed a confession of judgment had such confession been made in court by the defendants and accepted by the plaintiff, and where, as here, there is a stipulation for the entry of judgment, it was properly entered as upon a plea of confession. Under the circumstances shown, we are without power to reverse the award made.

Judgment affirmed.

Barnard, P. J., and Griffin, J., concurred.