[Civ. No. 20113.   Second Dist., Div. One.   July 28, 1954.]

JOHN M. STAHL, Respondent, v. GEORGE W. FAHRMAN et al., Defendants; LAWRENCE A. DAVID, Appellant.

Lawrence A. David, in pro. per., for Appellant.

Charles J. Katz and Samuel W. Blum for Respondent.

WHITE, P. J.—The facts, upon which this appeal must be decided, are quite different from those discussed in the briefs of appellant and respondent, because of the inadequate record on appeal, from which has been omitted the pleadings, evidence, oral proceedings upon motions, and even the judgment.

The clerk's transcript discloses a "Stipulation for Judgment" executed by the attorneys for appellant and respondent under date of December 22, 1952, and filed December 31, 1952, that "the amount justly due and unpaid unto the plaintiff on the note and deed of trust sued upon in this action is $13,150 principal, with interest at the rate of 7.2% per annum from August 23, 1950, together with attorney's fees in the amount of $1,000.00." By the same instrument, it is further stipulated that all of said sums be declared a lien upon certain real property, prior to the lien or claim of appellant; that a decree of foreclosure may be entered without notice to appellant; that appellant "be barred and foreclosed of all rights, claims, or equity of redemption in said premises or any part thereof after the lapse of the period of redemption as provided by law and statute; that the plaintiff waives any deficiency judgment against the defendant, Lawrence A. David; that the Court may enter a judgment in accordance with the foregoing without further notice to any of the said defendants. Execution is stayed to and including February 12, 1953. Findings are waived. Cross Complaint is dismissed with prejudice."

The record on appeal not containing the judgment as made and entered, we must assume that it complied with the stipulation of the parties in every respect. A judgment entered upon the consent of the parties will not be disturbed upon appeal. (*Hood* v. *Verdugo Lbr. Co.*, 219 Cal. 558, 561 [27 P.2d 897]; *Pawling* v. *Malley*, 107 Cal.App.2d

652, 654 [237 P.2d 663].) ██ ██ Findings having been waived, the trial court is presumed to have found all the facts necessary to support its judgment (*Bekins Van Lines, Inc.* v. *Johnson,* 21 Cal.2d 135, 137 [130 P.2d 421]); and where, as here, the appellate court has before it neither the documentary evidence nor any record of the oral proceedings before the trial court, it must be assumed that the evidence fully supported each and every finding of fact required to support the judgment. (*Bekins Van Lines, Inc.* v. *Johnson, supra,* at p. 137.)

While both appellant and respondent, in their respective briefs, have stated and discussed matters not in the record before us, we find no claim of any error of law, inequity, or failure to properly exercise discretion on the part of the court below.

Appellant "claims relief from the stipulation by reason of mistake of law and fact in that it was entered into in the mistaken belief of appellant and his counsel that the time for redemption of the property would be one year and not three months and that the circumstances under which the stipulation was made constituted excusable neglect and inadvertence."

Stipulation for judgment was filed December 31, 1952. Notice of entry of judgment was served upon appellant January 8, 1953. Execution was stayed to and including February 12, 1953. February 3d, notice was given and filed that appellant would on February 10, 1953, move for an order vacating and setting aside the judgment and "rescinding and cancelling the stipulation for judgment" upon the grounds of "mistake, inadvertence, surprise and excusable neglect." Said notice of motion specifies that motion "will be made and based on the records, files, and pleadings herein and on the affidavits of LAWRENCE A. DAVID and BENJAMIN D. BROWN, and other evidence which may be presented at the time of hearing." The "records, files and pleadings" and the "other evidence" are not in the record on appeal. The affidavits filed with the Notice of Motion have been examined by us. Appellant avers that he "would not have authorized the stipulation if he had known that the law only provided and that he would only have three months to redeem the property." From the affidavit of appellant's attorney, it appears "that affiant would never have advised said defendant to agree to said stipulation if he had known that the period was not one year; that upon returning to his office affiant

ascertained that the period of redemption was not one year under all circumstances but was only three months.''

Nowhere in the record or briefs before us is there any indication that the judgment is not fair and just, or that a trial upon the merits could result in a judgment for appellant or even in one less favorable to respondent. As shown by the affidavit of appellant's attorney, the only alleged mistake is an error of law which could and should have been avoided by checking the law, and which was discovered by him ''upon returning to his office''—probably before the judgment was prepared, signed, filed or entered. Nevertheless, appellant's motion to set aside the judgment and for relief from the stipulation was noticed for hearing only two days before the expiration of the 45-day stay of execution given to him pursuant to the stipulation. ■ If, as stated in the affidavits of appellant and his counsel, the length of the period of redemption was the determining factor in their decision to stipulate, then the failure to check this simple question of law was not inadvertence or excusable neglect, but culpable and inexcusable negligence. ■ It is not the purpose of section 473 of the Code of Civil Procedure to permit the setting aside of judgments ''which are the result of inexcusable . . . neglect of defendants, themselves, or of their attorneys in the performance of the latter's obligations to their clients.'' (*Hughes* v. *Wright,* 64 Cal.App.2d 897, 901, 903 [149 P.2d 392]; *Elms* v. *Elms,* 72 Cal.App.2d 508, 513 [164 P.2d 936].)

Not only has appellant ignored the rules on appeal which were made and are to be adhered to in order that the work of the courts may progress in an orderly fashion, but here the sole purpose of the appeal manifestly was to delay the satisfaction of respondent's just claims; and appellant has delayed execution of respondent's judgment beyond the period of redemption which he says he erroneously believed was allowed him under the law. Although appellant, acting in propria persona, is not expected to show the same degree of skill in the presentation of his appeal as is expected of an attorney, nevertheless appellant must have known, under the facts of this case, that it was unfair to appeal for the sole purpose of procuring for himself an extension of time beyond that allowed by law.

The attempted appeal from the order denying motion for continuance is dismissed. The order denying the motion to

vacate and set aside the judgment, and the judgment, are affirmed. As a penalty for taking what is manifestly a frivolous appeal, appellant is required to pay to respondent the sum of $100 in addition to the usual and ordinary costs on appeal.

Doran, J., and Drapeau, J., concurred.