[Civ. No. 35414. First Dist.. Div. Four. July 10, 1975.]

In re the Marriage of ELIZABETH H. and WARREN L. SIMMONS.
ELIZABETH H. SIMMONS, Appellant, v.
WARREN L. SIMMONS, Respondent.

## Counsel

Sullivan, Roche & Johnson, Vincent J. Mullins and Norbert J. Dickman for Appellant.

Conn, Breiner, Birkie & Ragghianti and Richard H. Breiner for Respondent.

## Opinion

**CALDECOTT, P. J.**—The principal issue presented by this appeal is whether Code of Civil Procedure section 632 as amended, grants a party the right to findings of fact on an order made after the granting or denial of a motion.

This appeal is from an order made on November 13, 1973, denying appellant's motion to vacate a previous order[1] (of Sept. 11, 1973), modifying spousal support and for attorneys' fees. The appellant's motion was to vacate the order of September 11 and to require the filing of findings of fact and conclusions of law which through inadvertence appellant had not requested.

I

■ Respondent initially argues that the order denying appellant's motion to vacate the judgment is not appealable. He bases this argument on *Mather* v. *Mather,* 22 Cal.2d 713 [140 P.2d 808]. There, in dismissing that part of an appeal from an order denying a motion to set aside the judgment, the court held: "As to the order denying the motion to vacate the judgment, under the settled law of this state an appeal will not lie from such order if the grounds upon which the moving party sought to have the judgment vacated existed before the entry of the judgment and were available on appeal therefrom." (*Id.,* at p. 720.)

Respondent contends that in the instant case the grounds upon which appellant sought to have the order vacated existed *before* the entry of the order on September 11, 1973; to wit, the trial court's failure to make findings of fact and conclusions of law prior to the entry of the order and appellant's attorneys' failure to request findings prior to the entry of the order. He reasons that under the authority of *Mather* v. *Mather, supra,* the order denying appellant's motion to vacate the judgment is not appealable.

While respondent correctly states the general rule (see 6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 91, p. 4098), he neglects to accord due consideration to the so-called *statutory* rule. The relief sought by appellant below was pursuant to Code of Civil Procedure section 473 which allows relief "from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect." By the terms of appellant's motion to vacate, "inadvertence" was specifically alleged. Thus, the fact that appellant's motion was not specifically denominated as one made pursuant to section 473 should not militate against it being treated as one under that section (*Dingwall* v. *Anderson,* 271 Cal.App.2d 658 [76 Cal.Rptr. 827]).

[1] Appellant incorrectly refers to the order of September 11, 1973 as a judgment. Actually, it is an order made after a motion.

Since the motion before the lower court was in substance a statutory one under section 473, the weight of authority allows an independent appeal from the order of denial of said motion. (*Winslow* v. *Harold G. Ferguson Corp.*, 25 Cal.2d 274, 282 [153 P.2d 714]; *Fitzsimmons* v. *Jones*, 179 Cal.App.2d 5 [3 Cal.Rptr. 373].)

## II

■ Appellant argues that findings should have been made in the instant case because the proceedings below involved extensive evidentiary hearings and research and arguments by both sides and therefore qualified as the trial of a question of fact by the court. From Code of Civil Procedure section 632 and California Rules of Court, rule 232(a),[2] and from case law concerning *original* actions for divorce (see e.g., *In re Marriage of Leff*, 25 Cal.App.3d 630, 644 [102 Cal.Rptr. 195]) as opposed to modification actions such as the instant one, appellant concludes that findings should be required in the instant case.

Neither Code of Civil Procedure section 632 nor rule 232(a) require findings. In fact, as stated in 4 Witkin, California Procedure, (2d ed. 1971) Appeal, section 306, page 3115, "No findings were required on an order made after granting or denial of a motion. '[I]t is contemplated by our law that findings of fact shall be made only upon issues joined by the *pleadings* under section 590 of the Code of Civil Procedure, where the decision of the court following the findings is a *judgment.*' " (Italics in original.)

The cases cited in Witkin, in support of this statement, predate the 1969 amendments to section 632 of the Code of Civil Procedure. However, the statement is still an accurate declaration of the law and the amendments do not change the law to require findings of fact in an order made after the granting or denial of a motion.

In the present case, the appellant filed a motion to vacate "judgment."[3] The motion was denied by an order of the court and designated as an order by the trial judge. The right of a party to request findings as provided for in Code of Civil Procedure section 632 has no application to

---

[2]The pertinent language of rule 232(a) is as follows: "The announcement of intended decision may state whether written findings of fact and conclusions of law, if requested, shall be prepared by the court or by a designated party. [As amended, effective July 1, 1973.]"

[3]The "judgment" was actually an order.

this case and if a request had been filed within the 10-day period, the trial judge would not have been required to grant it.

### III

The trial court did not abuse its discretion in denying appellant's motion to vacate the judgment under section 473 of the Code of Civil Procedure. Under section 473, the court may, upon such terms as may be just, relieve a party or his legal representative from a judgment, order or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect. Appellant, on appeal, seeks relief from the denial of her motion to vacate. Appellant's failure to timely request findings of fact formed the basis for her section 473 motion below.

Relief under Code of Civil Procedure section 473 is entrusted to the sound discretion of the trial court. In the absence of a clear showing of an abuse, its ruling will not be disturbed on appeal. (*Hummel* v. *Hummel,* 161 Cal.App.2d 272 [326 P.2d 542].) The burden rests on the adverse party to show as a matter of law, that such discretion has been abused. (*Roberts* v. *Roberts,* 245 Cal.App.2d 637 [54 Cal.Rptr. 223].) As appellant in the instant case had no right to findings of fact it cannot be said as a matter of law, that the denial of the motion constituted an abuse of discretion.

The order is affirmed.

Rattigan, J., and Keane, J.,* concurred.

---

*Assigned by the Chairman of the Judicial Council.