71  295
73  241

[No. 9121. In Bank. — November 23, 1886.]

## JOHN HEINLEN, RESPONDENT, v. T. ELLARD BEANS ET AL., APPELLANTS.

UNDERTAKING ON APPEAL — STAYING EXECUTION — AFFIRMANCE OF JUDGMENT IN PART. — In an action for the specific performance of a contract . for the sale of land, a judgment was rendered in favor of the plaintiff for a conveyance of the entire land, the delivery of the possession thereof, and damages in a stated amount for the value of its use and occupation. The defendants in the action appealed from the judgment, and in order to stay its execution, gave two undertakings, one to stay the execution as to the damages awarded for the value of the use and occupation, and the other to enable them to retain possession of the land pending the appeal. The latter undertaking was given in pursuance of section 945 of the Code of Civil Procedure, and was conditioned that during the possession of the land by the appellants they would not commit or suffer to be committed thereon any waste, and that if the judgment was affirmed or the appeal dismissed they would pay the value of the use and occupation of the land from the time of the appeal to the delivery of the possession thereof, pursuant to the judgment. On the hearing of the appeal, the Supreme Court reversed the judgment and remanded the cause, with directions to the court below to enter judgment in favor of the plaintiff for a conveyance of part only of the land, and damages in the same proportion for the value of the use and occupation. This having been done, the present action was brought on the last-mentioned undertaking to recover the value of the use and occupation of the land during the pendency of the · appeal, and until the delivery of the possession. *Held*, that the undertaking had not been broken because the judgment had been only affirmed in part, and that the action could not be maintained.

APPEAL from a judgment of the Superior Court of Santa Clara County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*John Reynolds*, and *S. O. Houghton*, for Appellants.

*G. A. Heinlen*, *J. C. Black*, and *A. B. Hunt*, for Respondent.

THORNTON, J.—In an action for specific performance, brought by John Heinlen against Calvin Martin and Wayne B. Rogers, judgment was rendered on the 28th of January, 1873, that plaintiff recover of the said defendants the sum of ten thousand dollars, the value of the use and occupation of the land in controversy from the 27th of November, 1868, to the date of the rendition of the judgment; that defendants execute a deed of conveyance of the land above mentioned, and deliver possession thereof to plaintiff, with costs of suit. Defendants in the same case made a motion for a new trial, which was denied, on the 11th of December, 1873, and they appealed from the judgment and the order denying their motion for a new trial.

On these appeals, the defendants on the date last mentioned filed the three hundred-dollar undertaking required by sections 940 and 941, Code of Civil Procedure, an undertaking of stay as to the ten thousand dollars above mentioned under section 942, Code of Civil Procedure, and as they desired to retain possession of the land involved in the suit, they executed and filed a further undertaking for that purpose under section 945, Code of Civil Procedure.

These undertakings were executed by T. Ellard Beans and E. Auzerais, the defendants herein.

This action is brought on the undertaking last above mentioned to recover the value of the use and occupation of the land above mentioned during the period of the pendency of the appeal, and until the delivery of possession of said land to the plaintiffs.

The extent of the engagement of defendants under the provisions of the undertaking above mentioned may be perceived from the following portion of it, viz.:—

"And whereas the appellants are desirous of staying that part of said judgment directing said defendants and appellants to execute a deed to said plaintiff and respondent, and also to deliver to the plaintiff the possession of the premises described therein, and the judge of this court having fixed the amount of the undertaking for that purpose at five thousand dollars:

"Now, therefore, in consideration of the premises, and the said stay of the execution of the judgment, we do further jointly and severally undertake and promise, and do acknowledge ourselves bound in the further sum of five thousand dollars, that during the possession of such property by the appellants they will not commit, or suffer to be committed, any waste thereon, and that if the judgment be affirmed, or the appeal be dismissed, they will pay the value of the use and occupation of the property from the time of the appeal to the delivery of the possession thereof pursuant to the judgment, not exceeding said sum of five thousad dollars.

[Seal]                          " T. ELLARD BEANS,
[Seal]                          " E. AUZERAIS."

The above-named appeals came on for hearing in this court, and were determined by it in January, 1879. This court reversed the judgment, and remanded the cause, and directed the court below to modify the judgment in accordance with the opinion. (See *Heinlen* v. *Martin*, 53 Cal. 321–346.)

The *remittitur* was transmitted to the court below with the judgment of this court, and its opinion containing the directions given to the court below.

The court below had adjudged that the plaintiff was entitled to a conveyance and possession of the whole land in the suit, and to rents and profits of the entire tract during the period above mentioned. This court held plaintiff entitled only to a conveyance and possession of five sixths of the tract of land, and to the same proportion of the rents and profits, commencing, not

from the 27th of November, 1868, as in the judgment appealed from, but from the tenth day of May, 1870,— the date of the commencement of the action.

The *remittitur* was filed in the court *a qua* on the third day of April, 1879. The court, proceeding to follow the directions of this court, on the third day of April, 1879, modified its judgment as required as of the 28th of January, 1873,—the date of the judgment previously rendered by it. It gave judgment in favor of plaintiff for the rents and profits accruing previous to the 28th of January, 1873, in the sum of $5,260, which judgment was affirmed (see *Heinlen* v. *Martin,* 59 Cal. 181), and held to accord with the former judgment of this court.

The amount last mentioned was paid by Martin and Rogers, the defendants in the action.

The contention of defendants is, that there is no breach of the undertaking committed by them until the affirmance of the judgment, or the dismissal of the appeal. The plaintiff concurs in this view, and such are the words of the undertaking. By its express words the defendants only agree to pay when the judgment is affirmed or the appeal dismissed. But the plaintiff puts forward the contention that the judgment in *Heinlen* v. *Martin* was affirmed. The court below was of the same opinion, and so held. Now, if this judgment was affirmed at all, it was only affirmed in part, and the undertaking does not impose on the parties the obligation to pay on any such contingency, but only in case the judgment appealed from is affirmed. We construe this to mean affirmed as rendered by the court below. It does not mean affirmed in part. The conclusion that affirmed in part is not here meant is strengthened by the language used in section 942, Code of Civil Procedure, where the requisites of the undertaking to stay execution in case of an appeal from a judgment or order directing the payment of money is prescribed. In that section the obligation of the sureties is expressed as fol-

lows: "That they are bound in double the amount named in the judgment or order; that if the judgment or order appealed from, or any part thereof, be affirmed, or the appeal be dismissed, the appellant will pay the amount directed to be paid by the judgment or order, *or the part of the amount as to which the judgment or order is affirmed, if affirmed only in part.*"

There is no such language in section 945, under which the undertaking sued on herein is given, and the language of which section it follows. This omission in section 945 is significant, and manifests the intention of the legislature that the sureties were not bound in case of a partial affirmance, but only in case the judgment was affirmed as rendered and entered in the court below.

The conclusion here reached is sustained by the judgment of this court in *Chase* v. *Reis*, 10 Cal. 518, which case was an action on an appeal bond, executed by defendants, conditioned to pay the judgment appealed from, if the same should be affirmed by the appellate court. It appeared from the record in that case that the judgment appealed from was reversed, with directions to the court below to enter a different judgment, consequently no liability attached to the defendants under the conditions of the bond.

The meaning attributed to section 945 in this case is, in our judgment, in accord with the intent of the legislature, as manifested by the language employed in it; and when we are satisfied that the meaning and intent of the law-making power have been arrived at, it is useless to speculate as to the views with which it was enacted. We must presume that the members of the legislature who enacted the law deliberated fully on the subject-matter of the enactment, and that after full consideration their deliberate views were embodied, and their intention manifested in the statute as enacted, in which they laid down as their best rule that the sureties were not to be bound if the judgment was in effect affirmed in part.

The construction put on section 945, and the undertaking executed under it, accords with the rule laid down in section 2836, Civil Code, and what is said in *People* v. *Breyfogle*, 17 Cal. 509.

For the reasons above given, the judgment and order are reversed and cause remanded, and the court below is directed to enter judgment for defendants.

McKINSTRY, J., MYRICK, J., SHARPSTEIN, J., McKEE, J., and MORRISON, C. J., concurred.

Rehearing denied.