# Cobb *v.* Morrison, *et al.*

### Assumpsit.

(Decided November 16, 1916.   73 South. 42.)

1. **Bond; Action on; Supersedeas.**—Where a bill in chancery was filed to redeem land sold under a deed of trust, and there was a decree allowing redemption and fixing the amount thereof, and the respondent therein appealed, giving a supersedeas bond conditioned that if said appellant should fail in said appeal, and should pay any judgment rendered by the Supreme Court, the obligation was to be void, and the Supreme Court adjudged the decree erroneous in part and corrected it by allowing a larger amount for redemption, and as corrected the decree was affirmed, the respondents successfully impeached the correctness of the decree in a substantial particular, and hence, did not fail in said appeal so as to constitute a breach of the bond.

2. **Same; Wrongful Appeal.**—Under a supersedeas bond conditioned to pay the judgment that the Supreme Court might render, and all such costs and damages as any party aggrieved might sustain by reason of the wrongful appeal, an appeal which did not reverse the judgmnt or discover and correct some error of judgment materially prejudicial to the appellant was a wrongful appeal; but an appeal which does discover and correct such an error is not a wrongful appeal.

APPEAL from Cherokee Circuit Court.

Heard before Hon. W. W. HARALSON.

Action by L. J. Cobb, Register in Chancery, for the use of R. L. Formby, against G. F. Morrison and others, for damages for the breach of a supersedeas bond.   Judgment for defendants, and plaintiff appeals.   Affirmed.

The condition of the bond is that, if the respondent shall fail in said appeal, and shall pay such judgment as the Supreme Court may render in the premises and all such costs and damages as any party aggrieved may sustain by reason of the wrongful appeal and suspension of the execution of said decree, then this obligation to be null and void.   The breach alleged is that respondent has failed in said appeal.

The appellant, Formby, filed his bill in chancery for the redemption of certain lands sold under a deed of trust.   The decree of the chancery court allowed the redemption sought and fixed the amount to be paid to Morrison, the defendant here, at $633.18. In so determining this amount, the chancellor allowed the statutory 10 per cent. on the mortgage indebtedness only to the date of

the filing of the bill for redemption, and not down to the date of the final decree; the difference being $153 in favor of complainant. From this decree Formby appeals, and the Supreme Court affirmed the decree in all respects except that it was held erroneous in limiting the rate of 10 per cent. to the period before the filing of the bill, and the decree was corrected in this particular, and the statutory interest was allowed down to the date of the final decree, and as thus corrected the decree was affirmed, and a judgment for cost was entered against appellant and his bondsmen. These facts are shown by the pleading, and the only errors assigned are upon overruling plaintiff's demurrer to defendant's special pleas 2 and 3.

KNOX, ACKER, DIXON & STERNE, and T. BEN KERR, for appellant. HUGH WHITE, GOODHUE & BRINDLEY, and HUGH REID, for appellee.

SOMERVILLE, J.— (1) The only question raised by the pleadings is whether the defendants herein "failed" in their appeal from the chancery decree, the execution of which they superseded by giving the bond here sued on. If defendants did not "fail" in the appeal, they did not breach the condition of the bond, and are not liable for the hurt that plaintiff suffered by reason of the appeal. On that appeal this court said: "The decree appealed from is affected with error, as separately assigned by Morrison, in that the court did not allow Morrison the legal rate of interest upon the principal sum to be paid to effect redemption. * * * The decree is affirmed in all respects, except that it will be corrected so as to include in the sum required of Formby to redeem interest at the legal rate from the date of the filing of the bill to the date of the decree confirming the report of the register. The decree is corrected, as indicated, and, as corrected, is affirmed."—*Morrison v. Formby*, 191 Ala. 105, 67 South. 668.

The opinion and judgment of the Supreme Court on the appeal conclusively show that a substantial and material error was committed by the chancery court, whereby the complainant was allowed to redeem the land by the payment of more than $150 less than the amount required by law for that purpose. Until the legal amount was paid in full the respondent was entitled to hold the land, and complainant had no right to its redemption

and enjoyment.    In the face of the decree rendered, the respondent could enforce his rights in the premises only by an appeal from that decree, and its correction by the appellate court.

We think it is too clear for serious controversy that Morrison and his bondsmen did not "fail in said appeal."    On the contrary, they successfully impeached the correctness of the decree in a substantial particular, and secured the correction of the error. Whether for partial error a chancery decree is upon appeal corrected and affirmed, or reversed and rendered, is but a matter of form, and the choice is usually dictated by considerations of collateral convenience or policy.    Certainly such a choice cannot determine, and is not intended to determine, the rightfulness or the wrongfulness of the appeal.

It will be noted that the obligation of the bond here exhibited is twofold, viz, to pay:    (1) Such judgment as the Supreme Court may render in the premises; and (2) all such costs and damages as any party aggrieved may sustain by reason of the wrongful appeal and suspension of the judgment.    The first obligation is absolute.    The second is dependent    upon    the wrongfulness of the appeal.

(2) An appeal which does not reverse the judgment or discover and correct some error of judgment materially prejudicial to the appellant is a "wrongful appeal;" and, necessarily, an appeal which does discover and correct such an error is not wrongful.    In either case the quality of the appeal is conclusively determined by the judgment of the appellate court, either by unqualified affirmance, on the one hand, or by reversal, or affirmance with substantial correction, on the other.

The contention of appellant that an appeal fails, and is therefore wrongful, unless it results in a technical reversal of the entire decree, cannot be sustained either upon reason or authority.    Indeed, in a case like this, it might result in the practical denial of the right of appeal, since it might be incumbered by liabilities which would exceed the value of the interests sought to be protected.

The judgment and opinion of the Supreme Court of the United States in the case of *Crane v. Buckley,* 203 U. S. 441, Sup. Ct. 56, 51 L. Ed. 260, is in line with our conclusion, and would alone be ample authority therefore.    In accord, also, is *Heinlen v. Beans,* 71 Cal. 295, 12 Pac. 167, holding that an affirmance, to constitute a breach of a supersedeas bond, must be an affirmance

[Cobb v. Morrison, et al.]

of the judgment "as rendered by the court below," and not as modified on appeal.

The authorities cited by appellant are not in point. *Hopkins v. Orr,* 124 U. S. 510, 8 Sup. Ct. 590, 31 L. Ed. 523, and other cases, simply hold that modifications of the judgment appealed from do not prevent the appellate court from rendering the judgment against the sureties in the supersedeas bond—a result in accord with one of the primary obligations of the bond, viz. to pay such judgment as the appellate court may render in the premises.

*Rehm v. Halverson,* 197 Ill. 378, 64 N. E. 388, was an action on a supersedeas bond given on appeal from the judgment of a justice of the peace in forcible detainer. The judgment appealed from was for the plaintiff for the entire building, and on appeal in the circuit court the judgment was only for the first floor and one-half of the basement. As the defendant by his supersedeas wrongfully withheld possession of a physically distinct part of the premises from the plaintiff, and as to such distinct part failed to vindicate his possession, the Illinois court held, and properly so, it would seem, that as to that distinct part of the premises the defendant had not "prosecuted his appeal with effect," and that the bondsmen were liable to the plaintiff for damage resulting from its wrongful withholding.

Such a question, however, is not before us now. The instant case is obviously different, in that the subject-matter of the rights in conflict was not separable, and Formby was entitled to possession of the entire premises until the entire redemption money was paid as prescribed by law. The error in the decree affected the entire subject-matter of the suit, and the appeal was not wrongful, either in whole or in part.

Appellant cites also our own case of *Babcock v. Carter,* 117 Ala. 575, 23 South. 487, 67 Ann. St. Rep. 193, and lays much stress upon the following language found in the opinion: "The purpose of the appeal was the reversal of the judgment rendered by the circuit court, and the reversal was the effect to which the principal was bound to prosecute the appeal; otherwise the condition of the bond was broken and the liability of the parties upon it was free from all contingency."

As applied to the judgment there involved—a judgment of a circuit court, single and not correctible for error except by reversal in toto—the language quoted was, of course, correct, but it is by no means opposed to our conclusion in the instant case.

[City of Birmingham v. Muller.]

. The trial court did not err in overruling the demurrers to the special pleas, and the judgment will be affirmed.
Affirmed.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.