[Civ. No. 981. Fourth Appellate District.—October 21, 1932.]

VAN LEE HOOD et al., Appellants, v. VERDUGO LUMBER COMPANY (a Corporation) et al., Respondents.

Van Lee Hood, *in pro. per.*, Robert E. Austin and John N. Helmick for Appellants.

Glen E. Behymer, Edgar C. Smith and G. L. Boltinhouse for Respondents.

MORTON, J., *pro tem.*—Plaintiffs brought this action for an injunction and accounting. Defendants all answered and cross-complaints were filed by Verdugo Lumber Company, a corporation, and Emil F. Swanson, doing business under the fictitious firm name and style of Eagle Rock Lumber Company. Judgment was for cross-complainants and plaintiffs and cross-defendants appeal.

Plaintiffs executed and delivered to one Harold L. Shaw a promissory note for $5,000, together with a trust deed securing same, both dated November 3, 1928, for the purpose of enabling Shaw to purchase building materials of defendants Verdugo Lumber Company and Eagle Rock Lumber Company, with which to erect and construct for them certain improvements upon the real property described in the trust deed. The note and trust deed were placed in escrow with the Security First National Bank of Los Angeles, a national banking association, in accordance with escrow instructions which provided that if $4,200 was paid to the escrow-holder by Van Lee Hood for the account of Verdugo Lumber Company and Eagle Rock Lumber Company within thirty-five days after the filing of notice of completion, then the note and trust deed were to be delivered to Van Lee Hood. If the money was not so paid then the note and trust deed were to be delivered to the aforesaid lumber companies, together with an owner's offset statement dated January 5, 1921, by Van Lee Hood and Arnette McLean Hood. The credit of $4,200 was to be divided equally between the lumber companies and the balance of the purchase price for materials used was to be paid in cash by Van Lee Hood and wife "as per building progresses". Certain discounts were to be allowed by the lumber companies if the materials used were paid for on or before thirty-five days after the filing of the notice of completion. An issue developed over the amount due for the building materials used and plaintiffs by this action asked an accounting. In their answer the defendant lumber

companies alleged that Shaw was only the agent of and superintendent of construction for plaintiffs; the note and trust deed were executed and delivered by plaintiffs for the purpose of obtaining discounts on the price of the building materials if paid for within a specified time and if not so paid for then the note and trust deed were to be used as security for the building materials furnished. In their cross-complaints it was alleged that plaintiffs failed to take advantage of the discount provisions and that the materials were furnished at the special instance and request of plaintiffs and that they promised to pay the reasonable value thereof. The trial court rendered judgment in favor of the lumber companies and this appeal is on the judgment-roll alone.

██   Without a reporter's transcript or bill of exceptions, we must assume that the evidence before the trial court sustained the findings. (*Siebenhauer* v. *Bank of California*, *(Cal. App.) [290 Pac. 617]; *Brovelli* v. *Bianchi*, 136 Cal. 612 [69 Pac. 416]; 2 Cal. Jur., sec. 395, p. 689.) Therefore the only question before us is whether the findings are within the issues and the judgment is supported by the findings. (*MacFarland* v. *Walker*, 40 Cal. App. 508 [181 Pac. 248]; *Ivancovich* v. *Weilerman*, 144 Cal. 757 [78 Pac. 268].)

██   In findings IV, X, XIII, XIV, XV and XVI the trial court distinctly finds upon the *quantum meruit* issues questioned on this appeal by appellants. The issue of the agency of Harold L. Shaw was raised by the answers of defendant lumber companies and is covered in the court's finding XVII. These findings are conclusive on appeal and in our opinion support that portion of the judgment.

██   Appellants contend that interest should not have been allowed on the amounts found due to the defendant lumber companies as in their cross-complaint they sought the reasonable value of the building materials furnished. In findings X and XIV the court determines the reasonable value of the building materials furnished to be $1852.39 as to the Verdugo Lumber Company and $3,938.39 as to

*REPORTER'S NOTE.—A hearing was granted by the Supreme Court in the case of *Siebenhauer* v. *Bank of California* on October 2, 1930. The opinion of the Supreme Court is reported in 211 Cal. 239 [294 Pac. 1062].

Emil F. Swanson, doing business under the fictitious firm name and style of Eagle Rock Lumber Company. In view of these findings we feel interest could not be allowed prior to the rendition of judgment.

"It is undoubtedly true, as claimed by appellant, that when the action is based upon *quantum meruit* a lien claimant is limited in his recovery to the reasonable value of the work done or materials furnished; and as that reasonable value requires determination, no interest can be charged until judgment is rendered." (*Hardwood Interior Co.* v. *Bull,* 24 Cal. App. 129, at 133 [140 Pac. 702, 703]; *Swinnerton* v. *Argonaut Land & Dev. Co.,* 112 Cal. 379 [44 Pac. 719]; 27 Cal. Jur., sec. 45, p. 239.)

We find no error in the record except the allowance of interest. The judgment is reversed, with directions to the trial court to strike out the interest allowed prior to judgment and to enter judgment as before less this interest. Each party will pay his own costs on appeal.

Barnard, P. J., and Marks, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on November 14, 1932.