[L. A. No. 14363. In Bank.—December 26, 1933.]

VAN LEE HOOD et al., Appellants, v. VERDUGO LUM-
BER COMPANY (a Corporation) et al., Respondents.

Van Lee Hood, *in pro. per.*, Tudor Gairdner, Robert E.
Austin and John N. Helmick for Appellants.

Edgar C. Smith, Glen Behymer and G. L. Boltinhouse for Respondents.

WASTE, C. J.—Motion to dismiss appeal from certain orders and judgments.

This is an action for an accounting. The defendants Swanson and Verdugo Lumber Company answered and cross-complained. A money judgment was entered in their favor. Upon appeal therefrom the plaintiffs Hood filed a stay bond by the terms of which the Aetna Casualty & Surety Company undertook to pay the judgment or any part thereof in the event of an affirmance or a dismissal of the appeal. The District Court of Appeal, Fourth Appellate District, concluded that the trial court had improperly allowed interest prior to judgment. (127 Cal. App. 133 [15 Pac. (2d) 542].) It thereupon reversed the judgment with directions to the court below "to strike out the interest allowed prior to judgment and to enter judgment as before less this interest". After the *remittitur* had gone down the cross-complainants moved for a new and corrected judgment in accordance with the directions of the District Court of Appeal. The motion was granted and judgment was accordingly entered January 19, 1933. New trial proceedings were not instituted. Notice of appeal was filed May 31, 1933, more than sixty days after the entry of the corrected judgment.

■ The purported appeal from the judgment must therefore be dismissed as having been taken after the expiration of the time provided therefor by law.

■ The attempted appeal from the order granting the motion for the entry of a corrected judgment must also be dismissed. Such an order is nonappealable, the same being reviewable on appeal from the judgment.

■ Subsequent to the entry of the corrected judgment and after an execution thereon had been returned unsatisfied, the cross-complainants filed an affidavit looking to an examination of the judgment debtors (the plaintiffs Hood) and the surety on the prior appeal bond (the Aetna Casualty & Surety Company) with a view to ascertaining the nature and extent of the property deposited by said debtors with the surety as security for the bond furnished by the latter. The trial court on May 18, 1933, made and filed an order for

examination as prayed. On the following day an unsuccessful attempt was made to have the order for examination of debtors vacated and set aside. Hearing was had on the order for examination on May 24, 1933, at which time the parties appeared, were examined and discharged, no order apparently being made relative to the application of any money or property in discharge of the judgment. Inasmuch as the examination has been had and the matter is now moot, the appeal from the order refusing to vacate the order for examination of debtors must be dismissed. (*In re Blythe,* 108 Cal. 124, 126 [41 Pac. 33].)

We are next confronted with the appeal of the surety company from a judgment entered against it on the bond theretofore filed by it to stay the original judgment pending the appeal therefrom. In response to the contention that the judgment against the surety was entered pursuant to the terms of the stay bond and was therefore a consent judgment and nonappealable, the appellants contend that the original judgment was not "affirmed" in whole or in part as required by the bond, but was "reversed" with directions to the trial court to enter a proper judgment omitting therefrom all reference to and allowance of interest prior to judgment. The point is without merit. As indicated above, the District Court of Appeal approved and for present purposes must be held to have affirmed the judgment for principal entered in favor of the cross-complainants and respondents and merely rejected that portion of the judgment awarding interest prior to judgment. Under the directions of the appellate court there was no necessity for a retrial of any of the issues. The judgment as originally entered was, in the main, approved. The second judgment complied in all material respects with the directions of the appellate tribunal and, so far as material here, was identical with the original judgment except for the interest item, which, pursuant to directions, was deleted. In view of this, we are satisfied that the judgment was affirmed "in part" within the meaning of the stay bond. The judgment against the surety must therefore be held to be a consent judgment and nonappealable.

In the main, the authorities cited by the appellants on this point are distinguishable and contain nothing in conflict

with our holding herein. There is, however, language in *Chase* v. *Ries,* 10 Cal. 517, from which the appellants might derive some comfort. The opinion in that case is exceedingly brief and in the absence of any reference therein to the facts giving rise to the litigation we are not prepared to say that the decision is contrary to our present holding. The complete decision in the cited case consists of two sentences and reads as follows: "This is an action on an appeal-bond, executed by defendants, conditioned to pay the judgment appealed from, if the same should be affirmed by the Appellate Court. It appears, from the record, that the judgment appealed from was reversed, with directions to the court below to enter *a different judgment,* consequently no liability attached to defendants under the conditions of the bond."

In the absence of the facts, the italicized portion of the quotation might reasonably be interpreted to mean that the judgment directed to be entered varied from and was "different" in material and substantial respects from the judgment originally entered in the trial court. Such is not the situation here confronting us. As pointed out above, the judgment entered in the present case pursuant to the direction of the appellate court was on the merits of the case the same judgment as had been originally entered with the omission of interest prior to judgment. This being so, it must be held that the judgment thereafter entered against the surety on the appeal bond was a consent judgment and nonappealable.

It is also significant to note, and the point is stressed in *Heinlen* v. *Beans,* 71 Cal. 295, 298, 299 [12 Pac. 167], that the bond sued on in *Chase* v. *Ries, supra,* was conditioned upon an *affirmance* of the judgment. In the present case the bond was conditioned upon an affirmance of the judgment, "or any part thereof". The facts are therefore dissimilar. As stated above, the original judgment herein was approved and, in effect, affirmed on the merits, the interest item alone being rejected by the appellate court.

What has been said necessarily disposes of the purported appeal from the order granting respondents' motion for the entry of judgment against such surety. That order is likewise nonappealable.

The appeals from the several judgments and orders are, and each is, hereby dismissed.

Preston, J., Curtis, J., Langdon, J., and Seawell, J., concurred.